IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN W. JEANQUART                                                                              PLAINTIFF

vs.                                         Civil No. 3:08-cv-03062

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

John W. Jeanquart ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his disability applications on July 20, 2006. (Tr. 92-101).  Plaintiff alleged he was disabled due to pain in his foot, back, knees, and shoulders.  (Tr. 123).  During the administrative hearing on March 26, 2008, Plaintiff also alleged he was disabled due to circulatory

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

problems in his legs, problems with his right hand and left elbow, difficulty with memory and cognition, and recurrent headaches. (Tr. 10, 17-18, 20, 22). Plaintiff alleged an onset date of September 1, 2001. (Tr. 92-101). These applications were initially denied on August 21, 2006 and were denied again on reconsideration on April 4, 2007. (Tr. 44-47).

On April 25, 2007, Plaintiff requested an administrative hearing on his application. (Tr. 74). This hearing request was granted, and a hearing on this matter was held on March 26, 2008 in Harrison, Arkansas. (Tr. 5-40). Plaintiff was present and was represented by counsel, Rick Spencer, at this hearing. *See id.* Plaintiff, Plaintiff's wife (Kim Jeanquart), Plaintiff's friend (Karen Howard), and Vocational Expert ("VE") David O'Neal testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-six years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had obtained his GED. (Tr. 8-10).

On July 23, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 51-62). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2006. (Tr. 53, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2001, his alleged onset date. (Tr. 53, Finding 2). The ALJ determined Plaintiff had the following severe impairments: partial amputation of the right foot; chronic right shoulder/neck pain; and non-psychotic, chronic, progressive cognitive dysfunction secondary to his physical conditions. (Tr. 54, Finding 3). However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 54-56, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 56-60, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found his claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) that is he can lift/carry 20 pounds occasionally, 10 pounds frequently with the ability to push/pull with these same limitations; sit up to 6 hours and stand/walk 2 hours in an 8-hour day. He can frequently reach bilaterally, climb stairs/ramps, balance, stoop, crouch, kneel and can occasionally climb ladders/ropes/scaffolds. Further, the claimant has moderately limited ability to understand/remember/carry-out complex instructions, make judgments on simple work related decisions, interact appropriately with supervisors and respond appropriately to usual work situations and routine work changes. Moderately limited means there are more than slight limitations, but the person can still function in a satisfactory manner (SSR 96-8p and 85-15).

*See id.*

The ALJ then considered whether Plaintiff retained the RFC to perform his Past Relevant Work ("PRW"). (Tr. 60, Finding 6). After reviewing his PRW, the ALJ determined Plaintiff would be unable to perform any of his PRW. (Tr. 60-61, Finding 6). However, the ALJ also evaluated whether Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 61-62). The VE testified at the administrative hearing regarding this issue (Tr. 28-39) and also provided his opinions by way of interrogatories. (Tr. 159-163). Considering Plaintiff's age, education, work experience, and RFC, the VE testified that a hypothetical person with the same limitations as Plaintiff retained the ability to perform work as an inspector with 1,000 such jobs in Arkansas and 68,000 such jobs in the nation, bench assembler with 4,200 such jobs in Arkansas and

84,000 such jobs in the nation, and boot and shoe assembler with 800 such jobs in Arkansas and 150,000 such jobs in the nation. (Tr. 62). Based upon this testimony, the ALJ determined Plaintiff was not disabled, considering his age, education, work experience, and RFC. (Tr. 61, Finding 10). The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from September 1, 2001 through the date of his decision or through July 23, 2008. (Tr. 62, Finding 11).

On August 1, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On September 19, 2008, the Appeals Council declined the review the ALJ's unfavorable decision. (Tr. 1-3). On November 14, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on January 12, 2009. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7, 10). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ erred by failing to give "appropriate weight" to Plaintiff's subjective complaints; (C) the ALJ erred with his RFC determination; (D) the ALJ "erred in failing to make full and explicit findings regarding his disregard of the medical records that establish disability"; and (E) the ALJ erred with his disability determination. (Doc. No. 7, Pages 9-19). In response, Defendant argues that the ALJ met his obligation to fully and fairly develop the record, the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally-sufficient reasons, and the ALJ properly found Plaintiff retained the RFC to perform jobs existing in significant numbers in the national economy. (Doc. No. 10, Pages 1-10). This Court will address each of Plaintiff's arguments; but because Plaintiff's last argument is a combination of his other arguments, this Court will not address his last argument.

    **A.**     **ALJ's Development of the Record**

Plaintiff claims the ALJ failed to fully and fairly develop the record by not ordering Plaintiff to undergo an examination by a qualified "psychologist."[2] (Doc. No. 7, Pages 9-11). Plaintiff argues that he was seen by Dr. Vann A. Smith on October 13, 2006 during a neuropsychological evaluation. *See id.* As a part of this evaluation, Plaintiff argues Dr. Vann Smith recommended he be seen by a qualified "psychologist" who would be able to further evaluation his limitations:

> Referral to and follow up by a qualified physiatrist with experience and expertise in the management of TBI [traumatic brain insult], acquired brain injury and chronic pain syndrome is, I believe, clearly warranted and strongly recommended.

---

[2] Plaintiff argues that the ALJ should have directed him to see a "psychologist." (Doc. No. 7, Pages 9-11). However, the type of examination Plaintiff was actually directed to seek was an examination by a "physiatrist."

6

(Tr. 235). However, there is no record that Plaintiff was ever seen by such a "psychologist." Plaintiff also argues that his other physicians, including Dr. Stacy Armstrong, recommended he seek additional treatment for a neurological problem. (Tr. 249). However, there is, once again, no record that Plaintiff was ever seen by a neurologist. Plaintiff argues that the ALJ is at fault for failing to order him to undergo this follow-up treatment.

After evaluating the record, this Court finds this argument is without merit. Plaintiff is correct that the ALJ has the duty to fully and fairly develop the record. *See* 20 C.F.R. § 404.1512(d). However, this duty is not without limits. An ALJ must only ensure that the record contains sufficient evidence for an informed decision. *See Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994). In this case, there was sufficient evidence to make an informed decision. The ALJ based his decision upon Plaintiff's medical records which indicated that despite Plaintiff's repeated injuries throughout his lifetime, he was able to work until September of 2001. (Tr. 58). The ALJ based his decision upon the fact that Plaintiff sought no follow-up treatment for his allegedly disabling mental impairment. (Tr. 60). The ALJ also based his decision upon Plaintiff's representations at the administrative hearing that he was doing "much better" than he had been doing two years before and based his decision upon Plaintiff's representations in his January 2007 function report that he was able to take his children to the bus stop and travel 60 miles round-trip for therapy. (Tr. 60).

Indeed, although it is the ALJ's duty to develop the record, it is Plaintiff's burden to establish he is disabled. *See Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir. 1991). Part of that burden includes the responsibility to present the strongest case possible. *See id.* If Plaintiff's case could have been supported by a physiatrist's or a neurologist's findings, then it was the Plaintiff's responsibility to seek such treatment. *See Shannon v. Chater,* 54 F.3d 484, 486 (8th Cir. 1995)

(holding that although the ALJ has a duty to develop the record, the fact that the claimant's counsel did not obtain the items complained of suggests that the alleged treatment was of minor importance); *Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that while the ALJ has the duty to develop the record, it is of some relevance that the claimant's attorney did not obtain the items that are being complained about).

Furthermore, the Eighth Circuit has held on at least one occasion that a court should not remand a social security case absent a showing a prejudice to the claimant. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir.1993) (holding "absent prejudice or unfairness, we will not remand"). In the present action, Plaintiff has not shown he was prejudiced by the ALJ's failure to further develop the record and obtain a consultative examination from either a physiatrist or a neurologist. (Doc. No. 7, Pages 1-19).  On this basis alone, this Court should not remand this case. *See Onstad,* 999 F.2d at 1234.  Accordingly, this Court finds Plaintiff's first claim is without merit.

### B.     ALJ's Credibility Determination

Plaintiff claims the ALJ erred in evaluating his credibility. (Doc. No. 7, Pages 11-13). Plaintiff claims the ALJ erred by basing his credibility determination entirely upon Plaintiff's medical records and claims the ALJ merely performed a "cursory" *Polaski* evaluation. *See id.* In response, Defendant argues that the ALJ followed the directives of *Polaski* in evaluating Plaintiff's credibility. (Doc. No. 10, Pages 6-8). Defendant argues that the "ALJ specifically stated his reasons for discounting the credibility of Plaintiff's subjective complaints" and that "his findings are supported by substantial evidence." *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. The ALJ noted the *Polaski* factors (Tr. 57), evaluated several of those factors, and then stated inconsistencies between Plaintiff's medical records and his subjective complaints (Tr. 57-60). Plaintiff is correct that the ALJ did not fully evaluate *every Polaski* factor, but the ALJ is not required to evaluate *every factor. See Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (holding that the ALJ is not required to discuss every *Polaski* factor in his or her opinion). As long as the ALJ examines the relevant *Polaski* factors and cites inconsistencies between Plaintiff's subjective complaints and the record, then the ALJ's disability determination is entitled to deference. *See Goff v. Barnhart,* 421 F.3d 785, 791-92 (8th Cir. 2005).

In this case, the ALJ performed a sufficient *Polaski* examination. In addition to other factors, the ALJ evaluated Plaintiff's daily activities (Tr. 60), Plaintiff's pain (Tr. 57-58), and Plaintiff's treatment (Tr. 58). Notably, the ALJ found that Plaintiff did not seek follow-up treatment as directed by Dr. Smith in October of 2006 (Tr. 235) or as directed by Dr. Armstrong in December of 2006 (Tr. 249). Such a failure indicates Plaintiff's complaints of disability may not be credible. *See Shannon v. Chater,* 54 F.3d 484, 487 (8th Cir. 1995) (holding "[g]iven his alleged pain, Shannon's failure to seek medical treatment may be inconsistent with a finding of disability"). Therefore, because this Court finds the ALJ's credibility determination was sufficient, this Court also finds the ALJ's credibility determination is entitled to deference and should be affirmed.[4]

---

[4] Plaintiff cites his work history in support of his claim that his subjective complaints are credible. (Doc. No. 7, Page 12). However, the fact that *some* of the evidence in the record may support his subjective complaints does not provide a basis for reversing the ALJ's disability determination when that determination is otherwise supported by substantial evidence in the record. *See Haley,* 258 F.3d at 747.

### C. ALJ's RFC Determination

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 13-14). Plaintiff claims the ALJ improperly determined Plaintiff retained the RFC to "climb stairs, ramps, balance, stoop, crouch, kneel, and occasionally climb ropes/ladders/scaffolds" even with his foot[5], shoulder, and neck limitations. *See id.* Plaintiff also argues that he cannot lift twenty pounds occasionally and cannot stand or walk up to two hours in an eight hour day due to his hand, shoulder, and right arm limitations. *See id.* In response, Defendant argues that the ALJ's RFC determination is supported by substantial evidence in the record. (Doc. No. 10, Pages 9-10). Defendant argues that Plaintiff's toe problems healed well and required minimal follow-up care and that his shoulder and back restrictions both responded well to treatment. *See id.* Defendant argues that Plaintiff's RFC was not diminished by these limitations. *See id.*

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

---

[5] Plaintiff's alleged foot limitations result from his toe problems. (Tr. 242-250). Plaintiff injured his toe while using a lawnmower. *See id.*

11

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, Plaintiff raises two arguments regarding the ALJ's RFC determination: (1) the ALJ erred by finding he could "climb stairs, ramps, balance, stoop, crouch, kneel, and occasionally climb ropes/ladders/scaffolds" and (2) the ALJ erred by finding he could lift twenty pounds occasionally and could stand or walk up to two hours in an eight hour day. (Doc. No. 7, Pages 13-14).  First, Plaintiff argues that he cannot "climb stairs, ramps, balance, stoop, crouch, kneel, and occasionally climb ropes/ladders/scaffolds" due to his foot or toe, shoulder, and neck limitations. *See id.*  However, based upon Plaintiff's medical records, Plaintiff's toe healed well and required minimal follow-up care.  (Tr. 242, 249-250).  Plaintiff's shoulder and back problems apparently responded well to treatment.[6]  (Tr. 249-252).  These records provide substantial evidence supporting the ALJ's determination regarding Plaintiff's ability to climb stairs and perform other activities.  Accordingly, this Court affirms this portion of the ALJ's RFC determination.

Second, Plaintiff argues that he cannot lift twenty pounds occasionally and cannot stand or walk up to two hours in an eight hour day due to his hand, shoulder, and right arm limitations.  This Court, however, finds this argument is without merit.  Plaintiff's hand limitations which he claims

---

[6] As noted above, Plaintiff was directed to seek follow-up care for his right shoulder and arm, but he did not seek that treatment, which indicates that his pain was not as severe as he alleged. *See Shannon v. Chater,* 54 F.3d 484, 487 (8th Cir. 1995).

are disabling occurred in 1983, approximately eighteen years before his alleged onset date. (Tr. 14, 181). Plaintiff worked for over a decade with this "impairment," and this fact indicates this impairment was not a severe as he alleged. Further, as noted above, Plaintiff never sought follow-up treatment with a neurologist for his shoulder and right arm problems, which indicates they were not nearly as severe as alleged. These findings provide substantial evidence supporting this portion of the ALJ's RFC determination. Accordingly, this Court affirms this portion of the ALJ's RFC determination and finds Plaintiff's claims regarding the ALJ's RFC determination are meritless.

### D.    ALJ'S Findings

Plaintiff claims the ALJ erred by failing to make "full and explicit findings regarding his disregard of the medical records that establish disability." (Doc. No. 7, Pages 14-15). Plaintiff does not provide any specific argument as to what type of findings would meet the "full and explicit" requirement. *See id.* In his opinion, the ALJ provided a very thorough, detailed explanation of Plaintiff's medical records. (Tr. 51-62). It is unclear what further explanation would be required. Without further argument explaining his position more fully, this Court rejects this argument without further discussion. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (holding "[w]e reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and should be affirmed. A judgment

incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of December, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE